IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON DESHAWN JOHNSON,

            Plaintiff,

vs.                                              Case No. 22-3020-SAC

MARSHA BOS, et al.,

            Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration in the El Dorado Correctional Facility (EDCF). Plaintiff presents his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A. At the outset, however, the court notes that plaintiff has failed to timely pay the initial partial filing fee assessed by the court in this case. See Doc. No. 3.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

II. The complaint – Doc. No. 1.

It appears that page 2 of the complaint's "Nature of the Case" statement and page 2 of the complaint's "Supporting Facts" statement are missing from what was filed as Doc. No. 1. The court has reviewed the allegations contained in the other pages.

The complaint names four defendants in the caption: Marsha Bos, Unit Team Manager Johnson, Warden Williams, and Secretary of Corrections Jeff Zmuda. Only Bos and Johnson are mentioned in the

2

body of the complaint.  Plaintiff alleges that they are in charge of inmate classification and cell placement.

The complaint alleges that plaintiff was placed in a cell with a maximum custody inmate who possessed prison contraband. Plaintiff was then placed in segregation for 40 days, although the contraband was not his.  Plaintiff was released from segregation to general population, but assigned to a restriction unit and then a week later assigned to share a cell with a maximum custody inmate who had a disciplinary history.  A few days later, plaintiff was relocated to an empty cell because of an investigation of an incident report.  For five days, this separated him from his personal property, some of which he used for coping and mental health.  Plaintiff objects that he is still housed in a maximum custody facility.  He seeks transfer to a minimum custody facility and release from prison, arguing that his Eighth Amendment rights against cruel and unusual punishment have been violated.  He also seeks punitive damages and any other fair and just relief.

III. Screening

The Supreme Court has held that when a state prisoner seeks immediate release or a speedier release from imprisonment, "his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Therefore, plaintiff cannot state a claim for release from prison in this § 1983 action. Loggins v. Pilshaw, 838 Fed.Appx. 323, 327 (10th Cir. 2020).

Plaintiff has also failed to state facts demonstrating a violation of the Eighth Amendment. In general, a prisoner may demonstrate a violation of the Eighth Amendment as to conditions of confinement if he shows that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832 & 834 (1994). The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 228-29 (1976). Simply because plaintiff is being held in a cell or a unit with maximum security inmates does not mean that the conditions are cruel and unusual. See Hill v. Pugh, 75 Fed.Appx. 715, 721 (10th Cir. 2003)(concerning confinement in a maximum security prison); Camirand v. Department of Corrections, 2018 WL 2418552 *2 (D.Ore. 5/29/2018)(improper classification fails to state an Eighth Amendment claim); Jamison v. Allenbrand, 1991 WL 241855 *3 (D.Kan. 10/21/1991)(Eighth Amendment does not bar change in confinement for administrative reasons unless conditions are cruel and unusual).

To bring an Eighth Amendment claim against a state official, a prisoner must also show that the defendant acted with deliberate indifference, i.e., that the prison official knew of or disregarded

4

a substantial risk of serious harm by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 847.  Plaintiff does not allege facts showing that defendants acted with deliberate indifference to a substantial risk of serious harm.  Indeed, the complaint hardly mentions defendants much less describe how each defendant personally participated in an action or nonaction that violated plaintiff's constitutional rights.  This is contrary to Tenth Circuit precedent which requires a § 1983 complaint to describe how each defendant was personally involved in a constitutional violation.  See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  A complaint should explain what each defendant did, when it was done, how plaintiff was harmed and what legal right was violated.  See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  Merely alleging a defendant's supervisory position in not sufficient to allege personal involvement in a constitutional violation.  Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010); Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(no strict supervisor liability under § 1983).

IV. Conclusion

As explained above, this case is subject to dismissal for failure to pay the partial filing fee of $224.00.  The court shall extend the time for payment to March 3, 2022.  The court may dismiss this action without prejudice if the payment is not timely

made. It also appears that plaintiff has failed to state a claim under § 1983 which may be heard in this court. The court grants plaintiff time until March 10, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies identified in the original complaint. If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible claim which may be heard in this court, this case may be dismissed. An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case. It should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 15th day of February 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge